**IN THE UNITED STATES DISTRICT COURT  
FOR THE NORTHERN DISTRICT OF IOWA  
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 06-07-LRR |
| vs. | |
| CLIFFORD HERRIOTT, | **ORDER** |
| Defendant. | |

_____

*TABLE OF CONTENTS*

*I.    INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.   PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.    *Evidence of Financial Transactions Between Defendant  
          and Lenders Not Named in the Superseding Indictment* . . . . . . . . . . *3*
        1.    Intrinsic evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        2.    Federal Rule of Evidence 404(b) . . . . . . . . . . . . . . . . . . *5*
        3.    Federal Rule of Evidence 403 . . . . . . . . . . . . . . . . . . . . *6*
        4.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    B.    *Evidence of Customer Transactions Not Charged  
          In the Superseding Indictment* . . . . . . . . . . . . . . . . . . . . . . . . . *6*
        1.    Intrinsic evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        2.    Federal Rule of Evidence 404(b) . . . . . . . . . . . . . . . . . . *7*
        3.    Federal Rule of Evidence 403 . . . . . . . . . . . . . . . . . . . . *8*
        4.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

## I. INTRODUCTION

The matter before the court is Defendant's Motion in Limine ("Motion") (docket no. 36).

## II. PROCEDURAL HISTORY

On January 20, 2006, the grand jury returned a one-count Indictment against Defendant. On May 4, 2006, the grand jury returned a ten-count Superseding Indictment against Defendant, charging Defendant with knowingly executing and attempting to execute a scheme and artifice to defraud Citizen Savings Bank ("CSB"), a federally insured financial institution, by selling CSB-financed boats and trailers without notifying and/or repaying CSB. Each count in the Superseding Indictment charges a specific instance of Defendant's defrauding of CSB and names a specific boat and/or trailer.

Count 1 charges that between about July 1, 2001 and August 29, 2002, Defendant accepted a boat and a trailer, to wit, an Alumacraft boat and trailer, which B.E. traded-in, and failed to notify and/or repay CSB. Count 2 charges that on September 14, 2001, Defendant sold a boat, to wit, an Osage canoe, to W.T., and failed to notify and/or repay CSB. Count 3 charges that on June 15, 2002, Defendant sold a boat and a trailer, to wit, a Sea Ark boat and Shoreland'r trailer, to N.B., and failed to notify and/or repay CSB. Count 4 charges that on July 3, 2002, Defendant sold a boat, to wit, an Alumacraft boat, to D.D., and failed to notify and/or repay CSB. Count 5 charges that on July 6, 2002, Defendant sold a boat, to wit, an Alumacraft boat, to S.K., and failed to notify and/or repay CSB. Count 6 charges that on July 6, 2002, Defendant sold a boat, to wit, an Alumacraft boat, to R.H., and failed to notify and/or repay CSB. Count 7 charges that on July 9, 2002, Defendant sold a boat, to wit, an Alumacraft boat, to L.S., and failed to notify and/or repay CSB. Count 8 charges that on August 8, 2002, Defendant sold a boat, to wit, an Alumacraft boat, to S.T. and A.T., and failed to notify and/or repay CSB.

Count 9 charges that on August 20, 2002, Defendant sold a boat and a trailer, to wit, a G3 boat and trailer, to H.U., and failed to notify and/or repay CSB. Count 10 charges that on August 23, 2002, Defendant sold a boat, to wit, an Alumacraft boat, to E.L., and failed to notify and/or repay CSB. Each count of the Superseding Indictment alleges a violation of 18 U.S.C. § 1344.

On May 8, 2006, Defendant filed the instant Motion and requests the court to exclude two types of evidence: (1) evidence of transactions between Defendant and various lenders, including CSB, other than the CSB transactions charged in the Superseding Indictment and (2) evidence of customer transactions there are not charged in the Superseding Indictment. On May 12, 2006, the court held a hearing on all outstanding motions. On May 15, 2006, the government filed a written Resistance to Defendant's Motion in Limine ("Resistance").

### III. ANALYSIS

#### A. *Evidence of Financial Transactions Between Defendant and Lenders Not Named in the Superseding Indictment*

In his Motion, Defendant asserts that evidence of the financial arrangements that he had with Deutsche Financial Services Corporation ("Deutsche"), Transamerica Finance Corporation ("Transamerica") and Loren Dostal / Shoreland'r ("Shoreland'r") and those transactions with CSB that are not charged in the Superseding Indictment should be excluded from the evidence presented at trial because the Superseding Indictment charges Defendant with defrauding CSB in specific transactions and not the other lenders. Defendant contends that his financial dealings with Deutsche, Transamerica and Shoreland'r and the uncharged dealings with CSB are irrelevant to the charges in the Superseding Indictment and are more prejudicial than probative. In its Resistance, the government alleges that Defendant's financial transactions with Deutsche, Transamerica

3

and Shoreland'r and the uncharged transactions with CSB are intrinsic to the conduct charged in the Superseding Indictment and are also permissible pursuant to Federal Rule of Evidence 404(b).

### 1. *Intrinsic evidence*

The Eighth Circuit Court of Appeals has held that uncharged instances of fraud are "intrinsic" to charged offenses "if (1) the collected transactions were all part of a single scheme, or (2) the uncharged transactions were so blended or connected with the one(s) on trial as that proof of one incidentally involves the other(s)." *United States v. Swinton*, 75 F.3d 374, 378 (8th Cir. 1996) (citing *United States v. Bass*, 794 F.2d 1305, 1312 (8th Cir. 1986)); *United States v. Forcelle*, 86 F.3d 838, 842 (8th Cir. 1996). Evidence of crimes other than those charged in the Superseding Indictment are admissible if they are "an integral part of" or "intertwined with" the crimes charged in the Superseding Indictment. *Forcelle*, 86 F.3d at 842; *Bass*, 794 F.2d at 1313. Evidence that "merely shows the full context of the charged crime" is intrinsic evidence, *United States v. Carroll*, 207 F.3d 465, 468 (8th Cir. 2000), and is admissible to provide the jury with a "total picture" of the charged crime, *Forcelle*, 86 F.3d at 842 (citing *United States v. Ball*, 868 F.2d 984, 988 (8th Cir. 1989)).

The Superseding Indictment charges Defendant with knowingly executing and attempting to execute a scheme or artifice to defraud CSB by selling, trading or otherwise disposing of boats and trailers financed by CSB without notifying and/or repaying CSB. In its Resistance, the government asserts that while Defendant was allegedly defrauding CSB, he was also defrauding Deutsche, Transamerica and Shoreland'r in the same manner. The government contends that Defendant had one scheme which involved all four lenders and evidence of Defendant's transactions with Deutsche, Transamerica and Shoreland'r and the uncharged transactions with CSB would provide the jury with the "total picture"

of Defendant's scheme to defraud CSB in the instances charged in the Superseding Indictment. *See Forcelle*, 86 F.3d at 842. The government failed to provide sufficient information from which the court could conclude that the financial transactions between Defendant and lenders that were not charged in the Superceding Indictment were, in fact, a part of the same scheme. The government provides no indication of when these transactions occurred or what the transactions involved.

### *2. Federal Rule of Evidence 404(b)*

In its Resistance, the government also asserts that evidence of Defendant's financial dealings with Deutsche, Transamerica and Shoreland'r and the uncharged dealings with CSB is admissible pursuant to Federal Rule of Evidence 404(b). Under Rule 404(b), evidence of other crimes or prior acts is admissible if it is:

(1)  relevant to a material issue;

(2)  similar in kind and not overly remote in time to the crime charged;

(3)  supported by sufficient evidence; and

(4)  higher in probative value than in prejudicial effect.

*United States v. Strong*, 415 F.3d 902, 905 (8th Cir. 2005) (citing *United States v. Green*, 157 F. 3 1111, 1113 (8th Cir. 1998)). In order for evidence of prior bad acts to be admissible, the government must prove, by a preponderance of the evidence, that the defendant committed the acts. *United States v. Loveless*, 139 F.2d 587, 592 (8th Cir. 1998). "To meet this burden, the government must introduce evidence upon which a jury could 'reasonably conclude that the acts occurred and that the defendant was the actor.'" *Loveless*, 139 F.3d at 592 (citing *United States v. Robinson*, 110 F.3d 1320, 1325 (8th Cir. 1997), *cert. denied*, 522 U.S. 975 (1997)).

5

Because the government did not provide the court with any indication of what evidence of Defendant's transactions with Deutsche, Transamerica, Shoreland'r and CSB it wanted to admit pursuant to 404(b), there is insufficient evidence for the court to make an evaluation of the evidence's admissibility.

### 3. *Federal Rule of Evidence 403*

Defendant asserts that even if his dealings with Deutsche, Transamerica and Shoreland'r and the uncharged dealings with CSB are admissible pursuant to Rule 404(b), this evidence should be excluded pursuant to Federal Rule of Evidence 403. Defendant asserts that any probative value of the evidence of the uncharged transactions is outweighed by the prejudicial effect to Defendant's case and would only serve to confuse the jury. As previously explained, the government failed to provide sufficient information for the court to evaluate the evidence that the government seeks to admit.

### 4. *Conclusion*

Because the government has not provided sufficient information regarding the financial transactions between Defendant and lenders that are not charged in the Superceding Indictment for the court to make an evaluation, Defendant's Motion in Limine requesting the exclusion of this evidence is granted. The court grants the government the option of supplementing its Resistance by presenting an offer of proof outside the presence of the jury.

## B. *Evidence of Customer Transactions Not Charged In the Superseding Indictment*

Defendant asserts that evidence of uncharged customer transactions is not relevant and, therefore, should be excluded from the evidence presented at trial. In its Resistance, the government alleges that Defendant's customer transactions other than those charged in the Superseding Indictment are, just like the financial transactions with Deutsche,

6

Transamerica and Shoreland'r and the uncharged transactions with CSB, intrinsic to the conduct charged in the Superseding Indictment and are also admissible pursuant to Federal Rule of Evidence 404(b).

### 1. *Intrinsic evidence*

The intrinsic evidence analysis set for above, applies here, also. The government asserts that Defendant had one scheme to defraud both his customers and his lenders. The Superseding Indictment charges that Defendant would, in some instances, sell CSB-financed boats and/or trailers to customers, but would not provide those customers with the title-related documentation which was held by CSB. In its Resistance, the government alleges that evidence of Defendant's fraudulent transactions with customers other than those who are listed in the Superseding Indictment would provide the jury with a "total picture" of Defendant's intent to conduct the scheme that is charged in the Superseding Indictment. *See Forcelle*, 86 F.3d at 842. Defendant was allegedly defrauding the unnamed customers at the same time as the customers who are listed in the Superseding Indictment. *See Swinton*, 75 F.3d at 378; *Forcelle*, 86 F.3d at 842. The government, however, provided no information about the customer transactions outside of the Indictment that it wished to admit during trial. Without some indication of what those transactions were for and when those transactions took place, the court can not make an evaluation regarding the relevancy of the evidence.

### 2. **Federal Rule of Evidence 404(b)**

In its Resistance, the government asserts that evidence of Defendant's dealings with customers other than those who are listed in the Superseding Indictment is admissible pursuant to Federal Rule of Evidence 404(b). As previously explained, the government failed to provide sufficient information regarding these transactions for the court to make a 404(b) evaluation.

7

### *3. Federal Rule of Evidence 403*

Defendant asserts that even if his transactions with customers that are not charged in the Superseding Indictment are admissible pursuant to Rule 404(b), this evidence should be excluded pursuant to Federal Rule of Evidence 403. Defendant asserts that any probative value of the evidence of the uncharged transactions is outweighed by the prejudicial effect to Defendant's case and would only serve to confuse the jury. The government failed to provide the court with any indication of what the customer transactions not charged in the Superceding Indictment include. Accordingly, there is not sufficient information for the court to make the 403 evaluation.

### *4. Conclusion*

Because the government has not provided sufficient information regarding the transactions between Defendant and the customers not charged in the Superceding Indictment for the court to make an evaluation, Defendant's Motion in Limine requesting the exclusion of this evidence is granted. The court grants the government the option of supplementing its Resistance by presenting an offer of proof outside the presence of the jury.

**IT IS SO ORDERED:**

(1) The court **GRANTS** Defendant Clifford Herriott's Motion in Limine (docket no. 36);

(2) The parties shall not directly or indirectly refer to or elicit answers from witnesses on the prohibited subjects in the presence of the jury. Each party is charged with the responsibility of cautioning its witnesses of this order on this Motion in Limine; and

(3) The period between the filing of the Defendant's Motion in Limine and the filing of this Order is excluded from calculation under the Speedy Trial Act.

18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of he hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**DATED** this 18th day of May, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA